ABORN v. HERBERT, ROBERTSON & CO., Inc.

(Supreme Court, Appellate Term, First Department.   April 14, 1916.)

EXECUTION ⊂⊐418—SUPPLEMENTARY PROCEEDINGS—MOTION TO SHOW CAUSE—SUFFICIENCY—STATUTE.

Code Civ. Proc. § 2457, provides that one may be punished for neglect or refusal to obey an order duly served upon him. The only papers served upon a judgment debtor on a motion to punish him for contempt for his failure to appear for examination in proceedings supplemental to execution were the order to show cause and an affidavit by the judgment creditor's attorney setting forth the taking of the judgment debtor's default, which order to show cause, besides other recitals, contained a statement that it was based on the original order and affidavit requiring the judgment debtor to appear, and the affidavit of service of same. The latter had never been served on the debtor, and the other papers were not served on the motion to punish for contempt. *Held*, that such omission was fatal, as the judgment debtor was entitled to notice of the precise claim made against him, and for what misconduct he was to be punished.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 1201; Dec. Dig. ⊂⊐418.]

Appeal from City Court of New York, Trial Term.

Supplementary proceedings by Albert C. Aborn against Herbert, Robertson & Co., Incorporated, judgment debtor. From an order adjudging the president of defendant corporation in contempt for failure to appear for examination in proceedings supplemental to execution, and from an order denying the defendant's motion for a reargument of the motion to punish for contempt, and to have stricken from

the order to show cause thereon the recital of certain papers, defendant appeals. Orders reversed.

Argued April Term, 1916, before GUY, COHALAN, and WHITAKER, JJ.

Franklin Bien, of New York City, for appellant.

Frank B. Colton, of New York City, for respondent.

COHALAN, J. The appellant insists that the moving papers on the motion to punish for contempt are insufficient, in that, while the order to show cause, by which it was instituted, contains sufficient recitals, certain of the recited papers were never served. The only papers served upon the judgment debtor on the motion to punish for contempt were the order to show cause and an affidavit by the attorney for the judgment creditor, setting forth the taking of the judgment debtor's default. The order to show cause, besides other recitals, contains a statement that it is based on the original order and affidavit, requiring the judgment debtor to appear, and the affidavit of service of the same. This latter paper has never been served on the debtor, and although the other papers recited had been previously served, and are referred to as being annexed to the order to show cause, they were not served upon the motion to punish for contempt.

It must be observed that in motions of this character the judgment debtor is entitled to notice of the precise claim that is being made against him, and for what omission or misconduct he is to be punished. Each fact necessary to sustain the jurisdiction of the court should be made to appear by an affirmative statement. Moyer v. Moyer, 7 App. Div. 523, 40 N. Y. Supp. 258. Section 2457 of the Code of Civil Procedure provides that a person may be punished for neglect or refusal to obey "an order * * * duly served upon him." Service thereby is made a prerequisite to punishment, and like other facts must appear by affidavit. He is entitled to know in advance the facts out of which it is claimed the right to punish arises, and if the papers upon which his default was taken are defective, by reason of improper service, he may raise that point, even when it is sought to punish him for contempt. He should be apprised of the manner in which it is claimed that service or notice of the order was made or given. This has not been done, and the omission, never having been cured, is fatal. While it may not have been essential that papers previously served should be re-served as often as a motion is made—provided they are incorporated by distinct reference in the papers actually delivered—it nowhere appears from the record that the respondent ever had notice of the method by which it is claimed he was served with the order for examination; and a reading of the affidavit of service on the return of the motion, over the objection of the judgment debtor, does not cure the defect.

The orders, therefore, should be reversed, with $10 costs and disbursements. All concur.